UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH C. LEHMAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GOSHEN COMMUNITY SCHOOLS SYSTEM and DIANE WOODWORTH,<br><br>　　　　　　Defendants. | CAUSE NO. 3:19-CV-982 DRL-MGG |

OPINION & ORDER

Joseph Lehman, without a lawyer, filed suit against the Goshen Community Schools System and Diane Woodworth under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. Ms. Woodworth (with GCS) has requested judgment under Fed. R. Civ. P. 12(c). She says she's not an "employer" subject to the ADEA. The court advised Mr. Lehman of his opportunity to respond, but he declined. The court now grants the motion and dismisses Ms. Woodworth as a defendant.

BACKGROUND

Mr. Lehman is 70 years old. He alleges that the school system's assistant transportation director interviewed him to be a school bus driver in August 2019. In his charge before the Equal Employment Opportunity Commission, attached to the complaint, he says the director brought up Mr. Lehman's criminal record. Mr. Lehman then received a letter from GCS's attorney stating that, because of his background, he would not be considered for the position. Mr. Lehman believes his age was the real reason for not being hired, though neither the director nor the letter referred to his age.

STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact

and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to such a judgment when it appears "beyond doubt" that the nonmoving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the nonmoving party. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc.,* 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). Of course, because Mr. Lehman is a *pro se* plaintiff, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The ADEA prohibits an employer from refusing to hire any individual because of his age. *See* 29 U.S.C. § 623(a)(1). That said, this federal law doesn't impose individual liability on a person like Diane Woodworth because she isn't an "employer." *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *see also Levin v. Madigan*, 692 F.3d 607, 621 (7th Cir. 2012) ("an ADEA plaintiff may only sue his employer, an employment agency, or a labor organization"). As a matter of law, she must be dismissed. The case can proceed only against Goshen Community Schools System.

## CONCLUSION

Accordingly, the court GRANTS the motion for partial judgment on the pleadings (ECF 10) and DISMISSES Mr. Lehman's ADEA claim against Diane Woodworth. The only remaining defendant in this suit is Goshen Community Schools System.

SO ORDERED.

April 22, 2020                                   *s/ Damon R. Leichty*
                                                 Judge, United States District Court