UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH C. LEHMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>GOSHEN COMMUNITY SCHOOLS,<br><br>        Defendant. | CAUSE NO. 3:19-CV-982 DRL-MGG |

OPINION & ORDER

Joseph Lehman is a disbarred attorney looking for work. In 2019, he applied to be a school bus driver at Goshen Community Schools. He wasn't hired. Without counsel, he then sued GCS for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1). Mr. Lehman and GCS have now filed opposing summary judgment motions. Because Mr. Lehman cannot show age was the reason GCS refused to hire him, the court grants summary judgment for GCS.

BACKGROUND

Mr. Lehman used to be an attorney licensed to practice in Indiana. His license was suspended in 2014 for violating the rules governing professional conduct. *See In Re Lehman*, 3 N.E.3d 536 (Ind. 2014). In 2016, the Indiana Supreme Court disbarred Mr. Lehman after he engaged in the practice of law on multiple occasions while suspended. *In Re Lehman*, 55 N.E.3d 821, 822 (Ind. 2016). Separately, Mr. Lehman was criminally charged and convicted of three misdemeanor counts of the unauthorized practice of law. *Id.* at 822 n.1; *see also Lehman v. State*, 55 N.E.3d 863 (Ind. Ct. App. 2016), *aff'd on post-conviction appeal*, 2020 Ind. App. Unpub. LEXIS 974 (Ind. Ct. App. July 21, 2020).

In 2019, Mr. Lehman applied to be a bus driver at GCS. He was 70 years old at the time. When Mr. Lehman applied for the position, GCS employed bus drivers over age 40, including several drivers over age 65, with some drivers over age 70. Mr. Lehman was interviewed by Deputy Transportation

Director Trevor Bastock. At that interview, Deputy Director Bastock expressed concern over Mr. Lehman's suspension and disbarment after reviewing publicly available information.

After the interview, Deputy Director Bastock told Mr. Lehman that he was not being hired for the position. Mr. Lehman approached two GCS employees, Superintendent Diane Woodworth and Board Member Felipe Merino, in public to discuss why he was not hired, thus prompting GCS counsel to meet with Mr. Lehman to explain the reasons for the school's hiring decision.

At Mr. Lehman's request, GCS later sent a letter listing nine reasons for its decision, including his criminal record, history of repeatedly defying authority, including judicial officers, incarceration for contempt, suspension and then disbarment as an attorney, reputation for repeatedly failing to appear at numerous court hearings and other meetings, dishonest nature of his practicing law without a license, mishandling of confidential client information, mishandling of client funds, and reputation for poor judgment.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v.*

2

*Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

DISCUSSION

Mr. Lehman says GCS discriminated against him because of his age. The Age Discrimination Employment Act (ADEA) protects workers 40 years of age and older from age-based employment discrimination. *See* 29 U.S.C. § 623(a)(1); *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018). The court avoids sorting evidence mechanically into two different piles—one "direct" and one "indirect"—and instead focuses on the overriding central inquiry: whether the evidence would permit a reasonable jury to conclude that age caused discrimination. *See McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 368 (7th Cir. 2019); *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

To recover under a theory of age discrimination, "it's not enough to show that age was *a* motivating factor. The plaintiff must prove that, but for his age, the adverse action would not have occurred." *Wrolstad*, 911 F.3d at 454 (quoting *Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 455 (7th Cir. 2009)). Truth be told, Mr. Lehman concedes his age "probably wasn't the reason" for GCS's decision.[1] He thus falls short of showing age was even a motivating factor in GCS's decision, much less the but-for cause required under the law. *See id.* GCS has hired bus drivers in Mr. Lehman's age group. It provided a list of legitimate, non-discriminatory reasons for its decision not to hire him. No reasonable jury could find that Mr. Lehman suffered an adverse employment action because of his age. *See McDaniel*, 940 F.3d at 368.

---

[1] When asked why he believes he was not hired because of his age, Mr. Lehman added: "That issue has fallen off my radar." ECF 25-1 at 39.

In lieu of establishing an ADEA case, Mr. Lehman appears to want to relitigate his disbarment and the circumstances surrounding that decision by the Indiana Supreme Court, or at least to impose on GCS some burden to be circumspect about this decision by the state's highest court. That the law doesn't require, particularly when this record presents no evidence that GCS's legitimate reasons for not hiring Mr. Lehman were pretextual. *See id.* (plaintiff has burden to show pretext). "Pretext is more than a mistake on the part of the employer; it is a phony excuse." *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004) (citing *Debs v. Northeastern Ill. Univ.*, 153 F.3d 390, 395 (7th Cir. 1998)). Mr. Lehman argues that GCS should have vetted the transcripts of his disciplinary hearings. Not doing so might render GCS less informed of any competing views of his misconduct, but that isn't pretext, particularly when the Indiana Supreme Court has announced its decision.

As an alternative, Mr. Lehman invites the indirect method of proof. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018) (*McDonnell Douglas* framework remains an "efficient way to organize, present, and assess evidence in discrimination cases"). Mr. Lehman must show that (1) he is a member of a protected class; (2) he was meeting GCS's legitimate expectations (he was qualified for the position); (3) he suffered an adverse employment action; and (4) similarly situated employees who were not members of his protected class were treated more favorably. *See McDaniel*, 940 F.3d at 368. Even if Mr. Lehman qualified for this position in light of GCS's legitimate concerns, he offers no proof that GCS treated similarly situated applicants outside his class more favorably. *See, e.g., David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 226 (7th Cir. 2017) (listing factors to determine whether comparator is similarly situated).

Finally, Mr. Lehman's motion alleges GCS also pretextually refused to hire him in 2014. The window has long shut for filing suit for violations arising from his 2014 application, *see* 29 U.S.C. § 626(d)(1) (a civil action for a claim of unlawful discrimination under the ADEA cannot be brought until 60 days after filing a charge, which must be brought within 300 days of the alleged act), and the

4

facts alleged by Mr. Lehman are unsupported by any evidence. Suffice to say these allegations don't create a triable issue here. *See Johnson*, 892 F.3d at 894.

## CONCLUSION

Mr. Lehman has not offered evidence that GCS declined to hire him as a bus driver because of his age. Accordingly, the court DENIES his summary judgment motion (ECF 27), GRANTS GCS's summary judgment motion (ECF 22), and DIRECTS the clerk to enter judgment for Goshen Community Schools. This order terminates the case.

SO ORDERED.

August 28, 2020                                  *s/ Damon R. Leichty*
                                                 Judge, United States District Court